Debbie Leonard (Nev. Bar #8260)
Leonard Law, P.C.
955 South Virginia Street, Suite 220
Reno, Nevada 89502
(775) 964-4656 Telephone
debbie@leonardlawpc.com

Brandon L. Jensen (*pro hac vice*)
Falen Law Offices, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003
(307) 632-5105 Telephone
brandon@buddfalen.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BAKER RANCHES, INC., a Nevada Corporation; DARWIN C. WHEELER; OWEN L. AND PATRICIA T. GONDER; DAVID JOHN ELDRIDGE AND RUTH, ELDRIDGE, as Co-Trustees of the DAVID JOHN ELDRIDGE AND RUTH ELDRIDGE FAMILY LIVING TRUST, dated January 31, 2007; ZANE JORDAN; and JUDEE SCHALEY,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior; the UNITED STATES DEPARTMENT OF THE INTERIOR; MICHAEL T. REYNOLDS, in his official capacity as Acting Director of the National Park Service; the NATIONAL PARK SERVICE; and JAMES WOOLSEY, in his official capacity as Superintendent of the Great Basin National Park,<br><br>　　　　　　　　Defendants. | Case No. 3:18-cv-261-RFB-CBC<br><br>**STIPULATED FINDINGS OF FACT** |

The Plaintiffs, by and through their undersigned attorneys, Debbie Leonard of Leonard Law, P.C., and Brandon L. Jensen of the Falen Law Offices, LLC, and the Defendants, by and through their undersigned attorney David L. Negri, of the United States Department of Justice, hereby stipulate and agree to the following findings of fact that shall govern this case.

**FINDINGS OF FACT:**

1. What is now Great Basin National Park was previously managed by the United States Forest Service as part of the Nevada National Forest, which was withdrawn from the public domain and created on February 10, 1909.

2. The Nevada National Forest was later incorporated into the Humboldt National Forest on October 1, 1957.

3. Great Basin National Park was created on October 27, 1986 by Public Law 99-565 ("the Great Basin National Park Enabling Act").

4. Upon creation of Great Basin National Park, the National Park Service requested that the Nevada State Engineer provide an assessment of all existing water rights within the limits of and in the general vicinity of Great Basin National Park.

5. On May 8, 1987, the Nevada Division of Water Planning issued a document entitled Great Basin National Park Water Right Assessment ("the Water Right Assessment").

6. At the time of its issuance, the Nevada Division of Water Planning sent a copy of the Water Right Assessment to the National Park Service.

**Snake Creek & Snake Creek Pipeline**

7. Snake Creek flows generally west to east, with its headwaters arising in what is now Great Basin National Park in Nevada and flowing

downstream into Utah. The distance from Snake Creek's headwaters to the boundary of Great Basin National Park is approximately eight miles.

8. Plaintiffs Baker Ranches, Inc., Darwin C. Wheeler, and Owen L. And Patricia T. Gonder (collectively, "the Snake Creek Plaintiffs") hold water rights established under Utah law. These water rights allow the Snake Creek Plaintiffs to divert water from Snake Creek in Utah for irrigation of farming and ranching land in Millard County, Utah, located approximately five to seven miles downstream from Great Basin National Park boundaries.

9. On May 17, 1910, the Fifth Judicial District Court in and for the County of Millard, State of Utah, entered a Decree in a quiet title action captioned *George W. Gonder, et al. v. John Doe* ("the Snake Creek Decree").

10. The Snake Creek Decree held that the plaintiffs to that case and their successors "are the exclusive owners of the right to the uses of all of the waters of said Snake Creek for irrigation purposes from March 1st to November 15th, in each and every year, and all adverse claims to the right to the use of any of the waters of said creek during the period of time above specified, are hereby adjudged to be null and void." The Snake Creek Decree awarded water rights "to irrigate about 620 acres of land."

11. The Snake Creek Plaintiffs allege that they are the successors-in-interest to all of the rights in the Snake Creek Decree. The United States, on the other hand, alleges that the Snake Creek Plaintiffs are the successors-in-interest to only some of the rights in the Snake Creek Decree. The parties agree for the purposes of this stipulation, however, that the specific amount of ownership of the water rights to Snake Creek is not in any way determinative of or relevant to any of the issues in this case.

12. The priority date of the Snake Creek Plaintiffs' water rights is at least 1880.

13. The United States is not a successor to any party to the Snake Creek Decree.

14. In 1962, the Snake Creek Irrigation Company constructed a three-mile concrete pipeline to transport water through a losing reach of Snake Creek.[1]

15. The Snake Creek pipeline was constructed on unsurveyed federal lands.

16. In 1903, statutory administrative procedures to appropriate water were first established. Accordingly, after 1903, the exclusive method of obtaining a new surface water right in Utah is through filing an application to appropriate with the State Engineer and ultimately obtaining a certificate of beneficial use.

17. A diligence claim is a claim to the use of surface water where the use was initiated prior to 1903. In 1962, the successors-in-interest to the rights of the plaintiffs in the Snake Creek Decree and the predecessors to the Snake Creek Plaintiffs, filed diligence claims in Utah based on the rights adjudicated in the Snake Creek Decree, identified as Claims D973, D974, D975 and D976.

---

[1] A "losing reach" is a part of a stream or river that loses water as it flows downstream. The water infiltrates into the ground because the water table is below the bottom of the stream channel.

4 | PAGE

18. In response to the diligence claims, the Utah State Engineer assigned Water Rights Nos. 18-249, 18-250, 18-251, and 18-257 for the diligence claims.

19. On February 19, 1962, the Forest Service issued a special use permit to the Snake Creek Irrigation Company for the construction and maintenance of the Snake Creek pipeline. The pipeline was located entirely within the State of Nevada.

20. On March 1, 1978, the Forest Service issued a second special use permit to the Snake Creek Irrigation Company for the construction and maintenance of the Snake Creek pipeline. The second special use permit was amended on January 2, 1985. The second special use permit expired on February 28, 1986. No further permits were issued by the Forest Service.

21. Since creation of Great Basin National Park in 1986, the Park Service has not issued any special use permit for the pipeline.

22. Water has flowed through the pipeline every year since creation of Great Basin National Park.

23. In 2016, the Park Service denied the request of the Snake Creek Plaintiffs to perform maintenance and repairs to the pipeline. According to the Park Service, no further maintenance or repairs of the pipeline will be permitted until environmental review is accomplished pursuant to the National Environmental Policy Act ("NEPA") of 1970 and a new special use authorization is issued by the Park Service.

24. The pipeline has been leaking water since at least 2016.

25. While the Snake Creek watershed was addressed in the 1910 action, a general water rights adjudication has never taken place in Utah or Nevada on the watershed.

26. The Snake Creek Plaintiffs, pursuant to their Utah state law-based water rights, divert water from Snake Creek from a point within Utah, downstream and outside the boundary of Great Basin National Park. The authorized places of use are located within Millard County, Utah, downstream and outside the boundary of Great Basin National Park.

### Baker Creek

27. Baker Creek flows generally west to east, with its headwaters arising in what is now Great Basin National Park in Nevada. The distance from Baker Creek's headwaters to the boundary of Great Basin National Park is approximately six miles.

28. Plaintiffs Baker Ranches, Inc., David John Eldridge and Ruth Eldridge, as Co-Trustees of The David John Eldridge And Ruth Eldridge Family Living Trust, dated January 31, 2007, Zane Jordan, and Judee Schaley (collectively, "the Baker Creek Plaintiffs") hold water rights to divert water from Baker Creek for irrigation of farming and ranching lands in White Pine County, Nevada. These lands are located from four to eight miles from Great Basin National Park's boundary.

29. On October 16, 1934, the Seventh Judicial District Court in and for White Pine County, Nevada entered Findings of Fact, Conclusions of Law, and Decree in the *Matter of the Determination of the Relative Rights in and to the Waters of Baker and Lehman Creeks and Tributaries in the County of White Pine, State of Nevada*, which was amended *nunc pro tunc* on February 3, 1950 ("Baker-Lehman Decree"). The Baker-Lehman Decree adjudicated the respective rights to the waters of Baker and Lehman Creeks and their tributaries.

30. The Baker Creek Plaintiffs hold the following water rights to Baker Creek under the Baker-Lehman Decree with the following priority dates:

    a. Plaintiff Baker Ranches, Inc.'s share of Proof of Appropriation No. 01066 is appurtenant to 1,751.87 acres and has multiple priority dates ranging from 1872 to 1904.

    b. Plaintiff David John Eldridge and Ruth Eldridge Family Living Trust's ½ share of Proof of Appropriation No. 01066 is appurtenant to 8.8 acres and has a priority date of 1872.

    c. Plaintiffs Zane Jordan's and Judee Shaley's share of Proof of Appropriation No. 01066 is appurtenant to 7.13 acres and has a priority date of 1876.

31. The Baker-Lehman Decree provides, *inter alia*, the following:

That the Judgment and Decree to be hereinafter entered should provide that each and every water user of the Baker and Lehman Creeks stream system and its tributaries, and each of agents, attorneys, servants, employees, and their respective successors in interest, and each and every person acting in aid or assistance of said parties, or either or any of them, be perpetually enjoined and restrained as follows, to-wit:

(a) From at any time diverting or using or preventing or obstructing the flow, in whole or in part, in or along its natural channel, of any of the water or said stream system, except to the extent and in the amount and in the manner and at the time or times fixed by this Decree and allocated, allowed, prescribed, and determined to such parties respectively, and as may be allowed in the permits which have been or may hereafter be granted by the State Engineer of the state of Nevada.

(b) From diverting from the natural channel and from using any of the said water for irrigation or any other purpose in excess of the amount specifically allotted to or for said party herein and fixed by this Decree, or in excess of the specified allotment under such permit or permits so heretofore granted or which may hereafter he granted by said State Engineer.

(c) From diverting from the natural channel and from using any of the said waters in any other manner or for any other purpose or purposes or upon any other land or lands or in any other amount than as provided and prescribed by the

terms or this Decree or by any such permit so granted by said State Engineer.

(d) From diverting from the natural channel and from using any of the said water at any other time or times than as specified and provided by the terms of this Decree or by any such permit so granted by the said State Engineer.

(e) From in any manner meddling with, opening, closing, changing, injuring, or interfering with any headgates, weirs, water-boxes, flumes, or measuring devices, or either or any of them, placed, installed, established, or approved by said State Engineer or by his authority or direction, unless such act be done with the permission or authority of the water commissioner or commissioners on said stream system during the period of his regulation or control of said water, or, if not done during such period of his control, then by virtue of the allowances, authority, terms, and provisions of this Decree or by a permit so granted by said State Engineer.

43. The point at which the Baker Creek Plaintiffs divert water from Baker Creek is approximately four miles downstream of the Great Basin National Park boundary and outside Great Basin National Park.

44. The places of use of the Baker Creek Plaintiffs' water rights are in White Pine County, Nevada, approximately 4.5 to 8.5 miles outside the boundary of Great Basin National Park.

RESPECTFULLY SUBMITTED this 25th day of September 2019.

/s/ Brandon L. Jensen
Debbie Leonard (Nev. Bar #8260)
Leonard Law, P.C.
955 South Virginia Street
Suite 220
Reno, Nevada 89502
(775) 964-4656 Telephone
debbie@leonardlawpc.com

Brandon L. Jensen (*pro hac vice*)
Falen Law Offices, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003
(307) 632-5105 Telephone
(307) 637-3891 Facsimile
brandon@buddfalen.com

*Attorneys for Plaintiffs*

NICHOLAS A. TRUTANICH
United States Attorney, District of Nevada
GREG ADDINGTON
Assistant United States Attorney

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division

/s/ David L. Negri
David L. Negri, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
U.S. Attorney's Office
800 Park Blvd., #600
Boise, Idaho 83712
(208) 334-1936 Telephone
david.negri@usdoj.gov

*Attorneys for Defendants*

**IT IS SO ORDERED**:

THE HONORABLE RICHARD E. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED: October 22, 2019

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 25th day of September 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David L. Negri, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
U.S. Attorney's Office
800 Park Blvd., #600
Boise, Idaho 83712
david.negri@usdoj.gov

/s/ Brandon L. Jensen